# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL SHABSELS | ) |
| | ) |
| and | ) |
| | ) |
| DAVID SHABSELS | ) |
| | ) Case No. 15-CV-00095-GZS |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| RICHARD TYROLER, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant Richard Tyroler ("Defendant") hereby responds to Plaintiffs' Complaint as follows:

1. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies the same.

2. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 2 of the Complaint and, therefore, denies the same.

3. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 3 of the Complaint and, therefore, denies the same.

4. Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

### Statement of Jurisdiction

5. Defendant disputes the jurisdictional statement set forth in Paragraph 5 of the Complaint, and states affirmatively that this Court lacks personal jurisdiction over him.

### Statement of Venue

6. Defendant disputes the legal conclusion regarding venue set forth in Paragraph 6 of the Complaint, and expressly denies any and all factual allegations set forth therein.

### Factual Allegations

7. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies the same.

8. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 8 of the Complaint and, therefore, denies the same.

9. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies the same.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

### Count I-Fiduciary Duty

11. Defendant reprises his responses to the preceding paragraphs as if fully set forth in this Paragraph 11.

12. Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 20 of the Complaint and, therefore, denies the same.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Answering Paragraph 27, Defendant states affirmatively that neither Plaintiff was a client of Defendant through Wells Fargo Advisors or otherwise.  Defendant denies the remaining allegations set forth in Paragraph 27 of the Complaint.

## Count II-Fraud

28. Defendant reprises his responses to the preceding paragraphs as if fully set forth in this Paragraph 28.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Answering Paragraph 35, Defendant states affirmatively that neither Plaintiff was a client of Defendant through Wells Fargo Advisors or otherwise.  Defendant denies the remaining allegations set forth in Paragraph 35 of the Complaint.

### Count III-Fraud by Nondisclosure

36. Defendant reprises his responses to the preceding paragraphs as if fully set forth in this Paragraph 36.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Answering Paragraph 43, Defendant states affirmatively that neither Plaintiff was a client of Defendant through Wells Fargo Advisors or otherwise. Defendant denies the remaining allegations set forth in Paragraph 43 of the Complaint.

### Count IV-Negligent Misrepresentation

44. Defendant reprises his responses to the preceding paragraphs as if fully set forth in this Paragraph 44.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Answering Paragraph 52, Defendant states affirmatively that neither Plaintiff was a client of Defendant through Wells Fargo Advisors or otherwise. Defendant denies the remaining allegations set forth in Paragraph 52 of the Complaint.

### Count V-Tortious Interference

53. Defendant reprises his responses to the preceding paragraphs as if fully set forth in this Paragraph 53.

54. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 54 of the Complaint and, therefore, denies the same.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65. Answering Paragraph 65, Defendant states affirmatively that neither Plaintiff was a client of Defendant through Wells Fargo Advisors or otherwise. Defendant denies the remaining allegations set forth in Paragraph 65 of the Complaint.

## FURTHER DEFENSES

A.   The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over the Defendant.

B.   The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(3) on the basis that Maine is an improper venue for this dispute.

C.   The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim for which relief can be granted.

D.   Defendant reserves the right to add further defenses as counterclaims based on information learned during discovery in this matter.

WHEREFORE, for all of the foregoing reasons, Defendant Richard Tyroler respectfully requests that the Court deny the relief sought by all of the counts of the Plaintiffs' Complaint, grant him his costs and attorney's fees, enter judgment in his favor and against Defendants, and grant him such other and further relief as justice may require.


Dated:  April 29, 2015                  */s/ Jeffrey T. Piampiano*
                                        Jeffrey T. Piampiano, Bar #9309
                                        Attorney for Defendant Richard Tyroler

Drummond Woodsum
84 Marginal Way, STE 600
Portland, ME  04101
207-772-1941