## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL SHABSELS, <br> DAVID SHABSELS, <br> and <br><br> BELGRADE LAKES SUMMER CAMPS, LLC <br> f/k/a SHABSELSIFIA, LLC <br>     Plaintiffs. <br> v. <br><br> RICHARD TYROLER <br><br>     Defendant. | **AMENDED COMPLAINT** <br> **(Injunctive Relief Requested)** <br><br> Case No. 15-CV-00095-GZS |

NOW COME the Plaintiffs Michael Shabsels, David Shabsels, and Belgrade Lakes Summer Camps, LLC, f/k/a Shabselsiafa, LLC by and through their duly authorized attorneys, Drummond & Drummond, LLP, who hereby complain against the Defendant Richard Tyroler as follows:

## PARTIES

1. Plaintiff Michael Shabsels, is now, and has been at all times material hereto, a resident of the City of New York, the County of New York, and the State of New York.

2. Plaintiff David Shabsels, is now, and has been at all times material hereto, a resident of the City of New York, the County of New York, and the State of New York.

3. Plaintiff Belgrade Lakes Summer Camps, LLC f/k/a Shabselsiafa LLC ("BLSC") is a Maine limited liability company in good standing.

4. At all relevant times, Plaintiffs Michael and David Shabsels (collectively the "Shabsels") have been and are partners in the business of purchasing, owning, and managing various summer camps in Maine and in other states.

5. At all relevant times, the Shabsels were agents, servants, and owners of BLSC (hereinafter referred to as "agency").

6. On information and belief, Defendant Richard Tyroler is now, and has been at all times material hereto, a resident of the City of Highland Beach, the County of Palm Beach, and the State of Florida.

## STATEMENT OF JURISDICTION

7. Jurisdiction of this Honorable Court is respectfully invoked pursuant to 28 U.S.C. § 1332, in that this controversy involves citizens of differing States and an amount in controversy that exceeds $75,000.00.

## STATEMENT OF VENUE

8. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in the State of Maine and a substantial part of the property that is the subject of the action is situated in the County of Kennebec and the State of Maine.

## FACTUAL ALLEGATIONS
## REGARDING THE MAINE GOLF & TENNIS ACADEMY

9. At all times material hereto, the Maine Golf & Tennis Academy and its related assets (hereinafter the "MGTA") is a summer camp located in the Town of Belgrade, the County of Kennebec, and the State of Maine.

10. On information and belief, at all relevant times prior to December, 2014, the MGTA was owned by Kennebec Boys Camp, Inc.

11. In December, 2014, BLSC, an entity solely controlled by the Shabsels, purchased the MGTA and its related assets and renamed it the New England Golf and Tennis Camp.

12. The Plaintiffs have so owned the MGTA since December, 2014.

## COUNT I
## BREACH OF FIDUCIARY RELATIONSHIP
## AS AGAINST DEFENDANT TYROLER

13. Plaintiffs repeat and reallege all above paragraphs as if fully set forth herein at length.

14. On information and belief, Defendant Richard Tyroler is now, and has been at all times material hereto, a financial advisor under the employ of Wells Fargo Advisors.

15. Beginning in the spring of 2014, Defendant Tyroler entered confidential discussions about Wells Fargo Advisors providing the Shabsels with financial and banking products and services in relation to the Shabsels' business.

16. With regard to the subject matter of the discussions, Defendant Tyroler had more knowledge, influence, and experience than the Shabsels.

17. The Shabsels placed their trust and confidence in Defendant Tyroler.

18. The Shabsels let down all guards and bars and provided Defendant Tyroler with confidential and valuable information.

19. Due to the nature of that relationship and due to the respective bargaining positions, there was a great disparity of position and influence between Defendant Tyroler and the Shabsels.

20. On information and belief, beginning in the spring of 2014 and at all times material hereto, Defendant Tyroler knew that the Shabsels purchased summer camps and owned summer camps through business entities and not in their individual capacities.

21. Defendant Tyroler entered a close fiduciary relationship with the Shabsels and, by virtue of their agency, BLSC, and owed a fiduciary duty to all three.

22. As part of those discussions and that relationship, the Shabsels provided Defendant Tyroler with confidential and proprietary financial information concerning themselves, BLSC, their business, and their personal assets, including their business models, business strategies, and their knowledge of potential summer camp investment opportunities including that of the MGTA, and the Shabsels' related business strategies.

23. At all times material hereto, the Maine Golf & Tennis Academy ("MGTA") is a summer camp located in the Town of Belgrade, the County of Kennebec, and the State of Maine.

24. The Shabsels provided Defendant Tyroler with information regarding their knowledge of the opportunity to purchase the MGTA, their ability to purchase the MGTA, their intent to purchase the MGTA, and their strategy to purchase and subsequently operate the MGTA.

25. Defendant Tyroler represented to the Shabsels that he would assist the Shabsels with their business and its financing needs, that he would use their financial and business information for the sole purpose of offering and/or providing them financial and banking products and services, that his role was limited to be an agent of Wells Fargo Advisors rather than as a potential or actual competitor against the Shabsels in their business.

26. But for Defendant Tyroler's relative power and influence over the Shabsels and his aforementioned representations, the Shabsels would not have otherwise provided Defendant Tyroler with any of the aforementioned confidential and valuable information.

27. In the course of their relationship, Defendant Richard Tyroler abused his relationship with the Shabsels and otherwise breached his fiduciary duty to the Plaintiffs in the following respects:

   a. Defendant Tyroler used the aforementioned confidential and valuable information for his benefit and against the interests of the Plaintiffs.

   b. Defendant Tyroler competed against the Plaintiffs in bidding to purchase the MGTA.

   c. Defendant Tyroler engaged in behavior and transactions that were favorable to himself and were adverse to the Plaintiffs.

   d. On information and belief and without the consent of the Plaintiffs or any other legal basis, Defendant Tyroler disclosed the aforementioned confidential information of the Plaintiffs with third party competitors of the Plaintiffs, namely Bradley Rangell, Arthur Freifelder, and Iron Clad Sports, LLC.

28. The Plaintiffs have damages and losses caused by Defendant Richard Tyroler's breach of fiduciary duty to the Plaintiffs.

29. As a result of the breach of fiduciary duty by Defendant Tyroler, the Plaintiffs suffered economic loss causing the Plaintiffs to raise their bid in or about the end of September/early October to purchase the MGTA and/or to pay more in the sale that was ultimately closed under BLSC's name than they otherwise would have had to pay to purchase the MGTA and/or to offer and/or agree to less favorable terms than they otherwise would have offered and/or agreed to.

30. In all ways that Defendant Tyroler breached his fiduciary relationship to the Plaintiffs, Defendant Tyroler was acting outside of the course and scope of his business under the employ of Wells Fargo Advisors.

   WHEREFORE Plaintiffs pray for judgment against Defendant Richard Tyroler in an amount reasonable in the premises, plus interest and costs, a permanent injunction or similar equitable relief enjoining and prohibiting Defendant Tyroler from further breaching his fiduciary

duty to the Plaintiffs or otherwise competing against the Plaintiffs, and for any other relief that is just and proper under the circumstances.

## COUNT II
## FRAUD
## AS AGAINST DEFENDANT TYROLER

31. Plaintiffs repeat and reallege all above paragraphs as if fully set forth herein at length.

32. Defendant Richard Tyroler falsely represented material facts to the Shabsels and, by virtue of their agency, likewise to BLSC, that he would assist the Plaintiffs with their business and its financing needs, that he would use their financial and business information for the sole purpose of offering and/or providing them financial and banking products and services, that his role was limited to be an agent of Wells Fargo Advisors rather than as a potential or actual competitor against the Plaintiffs in their business.

33. Defendant Richard Tyroler made the representations in Paragraph 32 with knowledge of their falsity and/or with reckless disregard of whether they were true or false.

34. Defendant Richard Tyroler made the representations in Paragraph 32 for the purpose of inducing the Shabsels to rely on those representations and providing him their financial and business information.

35. The Shabsels and, by virtue of their agency, BLSC justifiably relied on Defendant Tyroler's representations as true and acted on them by providing Defendant Tyroler with both confidential and proprietary financial information concerning themselves, their business, and their personal assets, including their business models, business strategies, and their knowledge of potential summer camp investment opportunities including that of the MGTA, and the Plaintiffs' related business strategies.

36. The Shabsels and, by virtue of their agency, BLSC would not have provided Defendant Tyroler with this information if not for his representations, and the Plaintiffs justifiably relied on Defendant Tyroler's representations in providing Defendant Tyroler with this information.

37. As a result of the justifiable reliance described in Paragraphs 35 and 36 on the representations of Defendant Tyroler, the Plaintiffs suffered economic loss that was realized by Defendant Tyroler unlawfully disclosing that information to others, using that information to compete against the Plaintiffs, causing the Plaintiffs to raise their bid to purchase the MGTA and/or to pay more than they otherwise would have had to pay to purchase the MGTA and/or to offer and/or agree to less favorable terms than they otherwise would have offered and/or agreed to.

38. In all ways that Defendant Tyroler committed fraud against the Plaintiffs, Defendant Tyroler was acting outside of the course and scope of his business under the employ of Wells Fargo Advisors.

WHEREFORE Plaintiffs pray for judgment against Defendant Richard Tyroler in an amount reasonable in the premises, plus interest and costs, a permanent injunction or similar equitable relief enjoining and prohibiting Defendant Tyroler from further disclosing information to others or otherwise competing against the Plaintiffs, and for any other relief that is just and proper under the circumstances.

## COUNT III
## FRAUD BY NONDISCLOSURE
## AS AGAINST DEFENDANT TYROLER

39. Plaintiffs repeat and reallege all above paragraphs as if fully set forth herein at length.

40. Defendant Richard Tyroler was a fiduciary of the Shabsels and, by virtue of their agency, BLSC.

41. Defendant Tyroler had a duty to disclose a material fact to the Shabsels and, by virtue of their agency, BLSC regarding his intent to compete against the Plaintiffs to purchase the MGTA and/or his intent to aid others to so compete.

42. Defendant Tyroler intentionally did not disclose that information to the Shabsels and, by virtue of their agency, to BLSC.

43. Defendant Tyroler did not disclose that information for the purpose of inducing the Shabsels and, by virtue of their agency, BLSC, to refrain from acting on that information.

44. The Plaintiffs justifiably relied on the nondisclosure and acted upon it to their damage.

45. As a result of their justifiable reliance on the nondisclosure of Defendant Tyroler, the Plaintiffs suffered economic loss as described above.

46. In all ways that Defendant Tyroler committed fraud by nondisclosure against the Plaintiffs, Defendant Tyroler was acting outside of the course and scope of his business under the employ of Wells Fargo Advisors.

WHEREFORE Plaintiffs pray for judgment against Defendant Richard Tyroler in an amount reasonable in the premises, plus interest and costs, a permanent injunction or similar equitable relief enjoining and prohibiting Defendant Tyroler from further disclosing information to others or otherwise competing against the Plaintiffs and/or aiding others to so compete, and for any other relief that is just and proper under the circumstances.

## COUNT IV
### NEGLIGENT MISREPRESENTATION
### AS AGAINST DEFENDANT TYROLER

47. Plaintiffs repeat and reallege all above paragraphs as if fully set forth herein at length.

48. Defendant Richard Tyroler represented to the Shabsels and, by virtue of their agency, BLSC that he would assist them with their business and its financing needs, that he would use their financial and business information for the sole purpose of offering and/or providing them

financial and banking products and services, that his role was limited to be an agent of Wells Fargo Advisors rather than as a potential or actual competitor against the Plaintiffs in their business.

49. These representations of Defendant Tyroler were false and material.

50. Accordingly, Defendant Tyroler gave false information of a material fact to the Shabsels and, by virtue of their agency, BLSC for the guidance of the Shabsels and, by virtue of their agency, BLSC in their business transactions.

51. Defendant Tyroler failed to exercise reasonable care or competence in obtaining or communicating the information.

52. The Shabsels and, by virtue of their agency, BLSC would not have provided Defendant Tyroler with this information if not for his representations, and the Shabsels and, by virtue of their agency, BLSC justifiably relied on Defendant Tyroler's representations in providing Defendant Tyroler with this information.

53. The Shabsels justifiably relied on Defendant Tyroler's representations as true and acted on them by providing Defendant Tyroler with both confidential and proprietary financial information concerning themselves, their business, and their personal assets, including their business models, business strategies, and their knowledge of potential summer camp investment opportunities including that of the MGTA, and the Plaintiffs' related business strategies.

54. As a result of their justifiable reliance on the representations of Defendants, the Shabsels and, by virtue of their agency, BLSC suffered economic loss that was realized by Defendant Tyroler using that information to compete against the Shabsels and, by virtue of their agency, BLSC in attempting to purchase the MGTA and/or aiding others to so compete against the Plaintiffs, and causing the Shabsels to raise their bid to purchase the MGTA (in the transaction that ultimately closed under BLSC's name) and/or to pay more than they otherwise would have

had to pay to purchase the MGTA and/or to offer and/or agree to less favorable terms than they otherwise would have offered and/or agreed to.

55. In all ways that Defendant Tyroler committed negligent misrepresentation against the Plaintiffs, Defendant Tyroler was acting outside of the course and scope of his business under the employ of Wells Fargo Advisors.

WHEREFORE Plaintiffs pray for judgment against Defendant Richard Tyroler in an amount reasonable in the premises, plus interest and costs, a permanent injunction or similar equitable relief enjoining and prohibiting Defendant Tyroler from further disclosing information to others or otherwise competing against the Plaintiffs and/or aiding others to so compete, and for any other relief that is just and proper under the circumstances.

## COUNT V
## TORTIOUS INTERFERENCE
## WITH AN ADVANTAGEOUS RELATIONSHIP OR CONTRACT
## AS AGAINST DEFENDANT TYROLER

56. Plaintiffs repeat and reallege all above paragraphs as if fully set forth herein at length.

57. On information and belief, at all relevant times prior to December, 2014, the MGTA was owned by Kennebec Boys Camp, Inc. or similar third party.

58. During the spring and summer of 2014, the Plaintiffs had a valid prospective economic advantage and/or contract to purchase the MGTA from Kennebec Boys Camp, Inc. or similar third party.

59. Defendant Richard Tyroler, by fraud or intimidation, induced Kennebec Boys Camp, Inc. or a similar third party to break an advantageous relationship or a contract or with the Plaintiffs.

60. Specifically, Defendant made a false representation of a material fact to the Kennebec Boys Camp, Inc. or a similar third party that Defendant was free as a matter of law and equity to bid against the Plaintiffs.

61. Defendant made such representations with knowledge of its falsity or in reckless disregard of whether it is true or false for the purpose of inducing Kennebec Boys Camp, Inc. or a similar third party to act or to refrain from acting in reliance on it.

62. The Kennebec Boys Camp, Inc. or a similar third party justifiably relied on the representation as true and acted upon it, damaging the Shabsels and, by virtue of their agency because BLSC ultimately closed on the sale, BLSC..

63. Defendant communicated a statement that suggested adverse economic, emotional, or other consequences to the Kennebec Boys Camp, Inc. or a similar third party for the purpose of inducing the Kennebec Boys Camp, Inc. or a similar third party to act regarding the Plaintiffs.

64. The Kennebec Boys Camp, Inc. or a similar third party acted based on the statement, damaging the Shabsels and, by virtue of their agency because BLSC ultimately closed on the sale, BLSC..

65. The contract or advantageous relationship of the Plaintiffs with the Kennebec Boys Camp, Inc. or a similar third party would have continued but for such wrongful interference by Defendants.

66. The Plaintiffs have been damaged by the interference.

67. The Plaintiffs suffered economic loss causing the Plaintiffs to raise their bid, on a sale that was ultimately closed by BLSC, to purchase the MGTA and/or to pay more than they otherwise would have had to causing them to raise their bid to purchase the MGTA and/or to pay more than they otherwise would have had to pay to purchase the MGTA and/or to offer and/or agree to less favorable terms than they otherwise would have offered and/or agreed to.

68. In all ways that Defendant Tyroler committed tortious interference with an advantageous relationship or contract against the Plaintiffs, Defendant Tyroler was acting outside of the course and scope of his business under the employ of Wells Fargo Advisors.

WHEREFORE Plaintiffs pray for judgment against Defendant Richard Tyroler in an amount reasonable in the premises, plus interest and costs, a permanent injunction or similar equitable relief enjoining and prohibiting Defendant Tyroler from further interfering with the advantageous relationships and/or contracts of the Plaintiffs, and for any other relief that is just and proper under the circumstances.

                                Respectfully submitted,
Plaintiffs Michael Shabsels, David Shabsels, and Belgrade Lake Summer Camps, LLC by their attorney,

Dated:  August 20, 2015         */s/Julia G. Pitney*
                              Julia G. Pitney, Esq., Bar No.  10021

                              Drummond & Drummond, LLP
One Monument Way
Portland, ME  04101
(207) 774-0317